United States District Court
Southern District of Texas
FILED

JUL 2 9 2014

David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** M-14 - 1041 |
| | § | |
| **D TRONICS, LTD.,** | § | |
| | § | |
| **Defendant** | § | |

## <u>NOTICE OF PLEA AGREEMENT</u>

The United States of America, by and through the undersigned attorneys for the Asset Forfeiture and Money Laundering Section, Criminal Division, United States Department of Justice, and D Tronics, Ltd. (hereinafter referred to as the "defendant") enter into the following agreement:

### <u>Charges and Statutory Penalties</u>

1.  The defendant agrees to plead guilty to failure to file a Report of Cash Payment over $10,000 Received in a Trade or Business, FinCEN Form 8300, in violation of Title 31, United States Code, Sections 5331 and 5322, as alleged in the Criminal Information.

2.  The defendant understands that the count alleged in the Criminal Information has the following essential elements, each which the United States would be required to prove beyond a reasonable doubt at trial:

    a.  First, while operating as a trade or business, the defendant received more than $10,000 in U.S. currency as payment for a single or related sale; and

    b.  Second, the defendant knowingly and willfully failed to file a Report of Cash Payments over $10,000 Received in a Trade or Business, FinCEN Form 8300.

3. The defendant understands that, pursuant to Title 31, United States Code, Section 5322, the violation alleged in the Criminal Information carries a maximum sentence of five years of probation and a fine of no more than $500,000.  In addition, the defendant will be required to pay a $100 special assessment in accordance with Title 18, United States Code, Section 3013, and could be subject to a term of supervised release after any imprisonment, in accordance with Title 18, United States Code, Section 3583.

4. The parties agree that the Sentencing Guidelines recommend a fine at the $500,000 statutory maximum, based on the following calculation:

| 2S1.3(a)(2) | Base Offense Level | 6 |
| | 2B1.1 Table | +16 |
| 2S1.3(b)(2) | Section 53, Title 31 | +2 |
| 3E1.1(a) & (b) | Acceptance of Resp. | -3 |
| | Total:          21 offense level | |

Fine & Culpability Score

| 8C2.4(d) | Base Fine (21 offense level) | $910,000 |
| 8C2.5(a) | Base Culp Score | 5 |
| 8C2.5(b)(5) | Tolerance of Crim. Activity | +1 |
| 8C2.5(g)(2) | Acceptance | -2 |
| | Total:     4 culpability score | |
| 8C2.6 | Culp. Score of 4 | .8-1.6 min/max multiplier |
| | | x $910,000 |

**Fine Range= $728,000 - $1,456,000**

5. If the Court accepts the defendant's pleas of guilty and  the defendant fulfills each

of the terms and conditions of this agreement, the United States agrees that it will not further prosecute the defendant for any crimes described in the "Factual Stipulations" section below or for any conduct of the defendant now known to the Asset Forfeiture and Money Laundering Section and to the law enforcement agents working with the Asset Forfeiture and Money Laundering Section on the present investigation.  However, nothing in this agreement is intended to provide any limitation of liability arising out of any acts of violence.

6.  The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.  The defendant knowingly, voluntarily and truthfully admits the facts set forth in the Factual Basis for Plea.

**Administrative Forfeiture**

7.  As a result of the defendant's conduct, including the conduct set forth in the Factual Stipulations above, the parties agree the United States could institute a civil forfeiture action against certain funds held by the defendant and that such funds would be forfeitable pursuant to Title 31, United States Code, Section 5317(C)(2).  The defendant hereby acknowledges that at least $1,350,863.25 was involved in transactions for which defendant willfully failed to file requisite corresponding Forms 8300 with the Department of Treasury, in violation of Title 31, United States Code, Sections 5331 and 5322.  The defendant hereby agrees to administratively forfeit to the United States the sum of $1,350,863.25 (the "Forfeiture Amount").

8.  The defendant also hereby agrees that, in the event the funds used to pay the Forfeiture Amount are not directly traceable to the transactions, the monies used to pay the

Forfeiture Amount shall be considered substitute *res* for the purpose of forfeiture to the United States pursuant to Title 18, United States Code, Section 981, and the defendant releases any and all right, title, interest, and claims the defendant may have to such funds.

9. To accomplish this administrative forfeiture, the defendant agrees to pay the Forfeiture Amount plus any associated transfer fees by check or wire transfer made payable to the United States Internal Revenue Service-Criminal Investigation in accordance with the following payment schedule:

Date of Sentencing:            $450,287.73

12 months after Sentencing Date:    $450,287.73

24 months after Sentencing Date:    $450,287.73

The defendant represents and agrees that the funds used to make these payments will be from legitimate earnings of the defendant.  In this regard, the defendant agrees to provide documentation related to the source of these funds at the request of the United States.

10. The defendant agrees to sign any additional documents necessary to complete forfeiture of the funds.  The defendant takes no position as to the disposition of the funds after payment and waives any statutory or procedural notice requirements with respect to the United States's disposition of the funds.  The defendant knowingly and voluntarily waives any claim or defense they may have under the under the Eighth Amendment of the United States Constitution, including any claim or excessive fine or penalty with respect to the forfeited assets.  In the event of a breach of this Agreement, the defendant acknowledges that the United States may pursue additional civil and criminal forfeiture in excess of the Forfeiture Amount.

11. The United States agrees that, provided the defendant fulfills the financial and other obligations imposed by this Plea Agreement, it will recommend that no additional fine, forfeiture or restitution be ordered by the Court against the defendant at the time the defendant is sentenced.  The United States agrees that this amount is appropriate and fully satisfies the fine, forfeiture, and restitution provisions of the law.

**Sentencing**

12. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant also is aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to

the statutory maximum authorized by law for the offense identified in Paragraph 1 and

that the defendant may not withdraw the plea solely as a result of the sentence imposed.

13. The United States reserves the right to inform the court and the probation office of

all facts pertinent to the sentencing process, including all relevant information concerning

the offenses committed, whether charged or not, as well as concerning the defendant and

the defendant's background.  Subject only to the express terms of any agreed-upon

sentencing recommendations contained in this agreement, the United States further

reserves the right to make any recommendation as to the quality and quantity of

punishment.

14. The defendant is aware that any estimate of the probable sentence or the probable

sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines

that the defendant may have received from any source is only a prediction and not a

promise, and is not binding on the United States, the probation office, or the Court,

except as expressly provided in this plea agreement.

**<u>Sentencing Guidelines</u>**

15. The defendant understands that the sentence in this case will be determined by the

Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration

of the guidelines and policies promulgated in the Sentencing Guide.

**<u>Acceptance of Responsibility</u>**

16. Provided that the defendant clearly demonstrates acceptance of responsibility, to the

satisfaction of the United States, through the defendant's allocution and subsequent

conduct prior to the imposition of sentence, the United States agrees that a 2-level

reduction would be appropriate, pursuant to U.S.S.G. §8C2.5(g)(2).

17. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

1. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

2. challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

3. denies involvement in the offense;

4. gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

5. fails to give complete and accurate information about the defendant's financial status to the Probation Office;

6. obstructs or attempts to obstruct justice, prior to sentencing;

7. has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

8. fails to appear in court as required;

9. after signing this Plea Agreement, engages in additional criminal conduct; or

10. attempts to withdraw the plea of guilty.

18. If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because the defendant

has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

19. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the United States agrees that self-incriminating information provided by the defendant pursuant to this agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

**Appeal Waiver**

20. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant also is aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by the United States in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and (b) the defendant's sentence or the manner in which the defendant's sentence was determined pursuant to 18 U.S.C. §3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).

21. The defendant further understands that nothing in this agreement shall affect the Asset Forfeiture and Money Laundering Section's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.  The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

22. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in the Fifth Circuit or Supreme Court cases decided after the date of this Agreement that are held by the Fifth Circuit  or Supreme Court to have retroactive effect.

**Breach of Agreement**

23. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.  In the event of such a breach:  (a) the United States will be free from its obligations under the Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the

defendant, directly and indirectly, in any criminal or civil proceeding, all statements

made by the defendant and any of the information or materials provided by the defendant,

including such statements, information and materials provided pursuant to this

Agreement or during the course of any debriefings conducted in anticipation of, or after

entry of this Agreement, including the defendant's statements made during proceedings

before the Court pursuant to Fed. R. Crim. P. 11.

24. The defendant understands that Federal Rule of Criminal  Procedure 11(f) and

Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a

defendant in the course of plea discussions or plea proceedings if a guilty plea is later

withdrawn.  The defendant knowingly and voluntarily waives the rights which arise

under these rules.

25. The defendant understands and agrees that the United States shall only be required

to prove a breach of this Plea Agreement by a preponderance of the evidence.  The

defendant further understands and agrees that the United States need only prove a

violation of federal, state, or local criminal law by probable cause in order to establish a

breach of this Plea Agreement.

26. Nothing in this Agreement shall be construed to permit the defendant to commit

perjury, to make false statements or declarations, to obstruct justice, or to protect the

defendant from prosecution for any crimes not included within this Agreement or

committed by the defendant after the execution of this Agreement.  The defendant

understands and agrees that the United States reserves the right to prosecute the

defendant for any such offenses.  The defendant further understands that any perjury,

false statements or declarations, or obstruction of justice relating to the defendant's

obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

**Waiver of Statute of Limitations**

27. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any violations that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

28. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Asset Forfeiture and Money Laundering Section.

29. The defendant further understands that this Agreement is binding only upon the Asset Forfeiture and Money Laundering Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other

United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

30. If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by you or other defense counsel.

**Acknowledgments**

      As owner and sole shareholder of D Tronics, Defendant, I have legal and otherwise authority to bind D Tronics to this agreement.  I have read this agreement and carefully reviewed every part of it with my attorney.  If I have difficulty understanding the English language, I have had a person fluent in the Spanish language interpret this agreement to me.

Date: 5/13/2014        Representative for Defendant: _____

      I am the Defendant's counsel.  I have carefully reviewed every part of this agreement with the Defendant.  I certify that this agreement has been translated to my client by a person fluent in the Spanish language if my client is unable to read or has difficulty understanding the English language.

Date: 5/13/14        Counsel for Defense: _____

For the United States of America:

Respectfully submitted,

Jaikumar Ramaswamy, Chief
Asset Forfeiture and Money
 Laundering Section
U.S. Department of Justice
Criminal Division


Keith Liddle, Trial Attorney
Money Laundering and Bank Integrity Unit
Asset Forfeiture and Money
 Laundering Section
U.S. Department of Justice
Criminal Division
(202) 353-7481
keith.liddle@usdoj.gov